OSBORNE *v.* STATE.

5068                                        371 S. W. 2d 518

Supplemental opinion on rehearing delivered November 4, 1963.

GEORGE ROSE SMITH, J., on rehearing. One assignment in the appellant's motion for a new trial was that "the jury was misinstructed by the court over defendant's objections." In our original opinion we held this assignment to be too general in its language to support a contention that a particular instruction was erroneous.

In a petition for rehearing counsel point out that there was only one objection to the instructions, that being a specific objection to Instruction No. 8. Hence, it is argued, the assignment of error—that the jury was misinstructed *over the defendant's objection*—could only

have referred to Instruction No. 8, for no other part of the charge was given over the defendant's objections. We think this reasoning to be sound, and we accordingly consider the point upon its merits.

Instruction No. 8 was directed to the State's proof that the accused had passed other forged checks. The instruction told the jury that this proof would not justify a finding of guilty upon the two offenses that were being tried, but the proof might nevertheless be considered with respect to the matter of guilty knowledge or the existence of a common plan. In objecting to the instruction counsel specifically asked the court to tell the jury not to consider the other offenses in fixing any punishment that might be imposed. This request was denied.

We think the request should have been granted. Under our habitual criminal statute prior convictions may be a basis for increasing the punishment for the offense on trial, Ark. Stat. Ann. § 43-2328 (Supp. 1961), but in the absence of a conviction the jury ought not to consider some other offense as a reason for increased punishment. As we said in *Alford* v. *State,* 223 Ark. 330, 266 S. W. 2d 804: "If the accused has committed other crimes, each may be examined separately in a court of law, and punishment may be imposed for those established with the required certainty." See also *Ingram* v. *State,* 39 Ala. 247.

There should be no doubt in the minds of the jurors about the purposes for which they may properly consider the proof of other offenses. "When proof of other crimes is admitted, the court must instruct the jury as to the limited purpose of its admission, *and that they must confine its use to that purpose.* The failure to so instruct the jury is reversible error if prejudicial." Wharton's Criminal Evidence (12th Ed.), § 248 (italics added). This is essentially the position we took in *Norris* v. *State,* 170 Ark. 484, 280 S. W. 398, for there the instruction that was approved not only explained the purpose of the proof of other offenses but went on to tell the jury

that "you should consider such evidence for this purpose and for this purpose alone."

In the present case the court stopped short after telling the jury that the proof of other offenses would not justify a verdict of guilty but might be considered upon the issue of guilty knowledge and common plan. Thus the instruction told the jury not to consider the evidence for one purpose, allowed the jury to consider it for another purpose, and said nothing one way or the other with respect to a third purpose—the assessment of punishment. In this situation the jurors might very well have supposed that it was proper for them to take the other offenses into account in fixing the sentence; certainly there was nothing to prevent them from taking that view.

An error is presumed to be prejudicial unless the contrary affirmatively appears. *Crosby* v. *State,* 154 Ark. 20, 241 S. W. 380. In view of the fact that here the jury imposed the maximum sentence of twenty years imprisonment for the forgery and uttering of a check for $87.63, for which restitution appears to have been made, we certainly cannot say that it affirmatively appears that the prior offenses were not taken into account in the assessment of the punishment.

When an erroneous ruling has nothing to do with the issue of guilt or innocence and relates only to the punishment, it may be corrected by reducing the sentence to the minimum provided by law. *Webb* v. *State,* 154 Ark. 67, 242 S. W. 380. Hence, unless the Attorney General files a request within seventeen days for the cause to be remanded for a new trial, the sentence upon each count will be reduced to the minimum of two years, Ark. Stat. Ann. § 41-1805 (1947), to be served consecutively, and as so modified the judgment will be affirmed.

The petition for rehearing is granted.

Harris, C. J., would deny the petition.

Original opinion delivered October 7, 1963, p. 5.