Van Martin RICHIE *v.* STATE of Arkansas

CR 76-191                                                    545 S.W. 2d 638

Opinion delivered January 31, 1977

8

*Harold L. Hall*, Public Defender, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appelleee.

JOHN A. FOGLEMAN, Justice. Appellant was found guilty of the charge of felonious possession of stolen property of a value in excess of $35 in violation of Ark. Stat. Ann. § 41-3938 (Repl. 1964) and sentenced to serve a term of 21 years in the State Penitentiary. He asserts and we agree that the trial court erred in giving the jury the state's requested instruction No. 2 over appellant's objection because the instruction included only the felony definition of the statute and omitted from the jury's consideration the lesser included offense of misdemeanor possession of stolen property of a value of less than $35. He argues that failure to so instruct was error because the question of value of the allegedly stolen item was for the jury.

The property was described as a .380 Astra handgun. Evidence of value was given by the state's expert witness, who described its appearance as "despicable looking, and it is dark and discolored and the grips are cracked, it is a gun that is desirable by the military collectors because it was a gun that was used by the German Army." He stated that the weapon was made in Spain and sold to the Germans between 1941 and 1945. He estimated its value as between $40 and $50. Another witness for the state identified the gun as being his property and testified that he purchased the weapon three or four years ago for $90 or $95. He stated that the markings on the barrel were caused when he tried to take the barrel off

with a pair of wire pliers. He testified that the grip of the handgun was held together by one screw, that the "bluing was messed up on it" and that it was sort of rusty.

Evidence of value of stolen goods was important in *Higginbotham v. State*, 260 Ark. 433, 541 S.W. 2d 303 (1976), which involved the question whether the jury should have been instructed on the lesser included offense of petit larceny. In that opinion we discussed the important considerations to be used in determining when the jury should be so instructed. We stated:

> When the evidence shows *conclusively* that the value of the stolen property exceeds $35, as in the theft of more than that amount in cash or of property worth a great deal more, such as a new automobile, the lesser offense obviously need not be submitted. At the other extreme, when there are conflicting estimates of value both above and below $35, the lesser offense obviously must be submitted. Neither extreme is presented here.

The same is true in the case at bar, but unlike the *Higginbotham* case, the jury could reasonably find that the value of the gun was less than $35 because the minimum value expressed by the expert witness ($40) was so close to the minimum value for felonious possession of stolen property ($35), *State v. Enochs*, 339 Mo. 953, 98 S.W. 2d 685 (1936), cited in *Higginbotham v. State*, supra, and because of the admitted disreputable appearance of the weapon. The jury had a right to accept such portions of the testimony as it believed to be true and to reject that it believed to be false, *Pickett v. State*, 91 Ark. 570, 121 S.W. 732.

Because the jury, in finding the appellant guilty of felony possession of stolen property, must necessarily have found him guilty of misdemeanor possession of stolen property, the error in failing to instruct on the lesser included offense may be cured by remanding this cause for a new trial, unless the Attorney General, within 17 days, elects that the judgment be modified so as to sentence the appellant for the violation of the lesser offense. If he so elects the sentence is reduced to the maximum sentence of one year in the county prison or the municipal or city jail and a fine of $300.

We agree. HARRIS, C.J., and ROY and HICKMAN, JJ.