**Carlos G. WILLIAMS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 85–2249.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1986.

Decided Aug. 5, 1986.

Rehearing Denied Sept. 4, 1986.

Robert L. Brown, Little Rock, Ark., for appellant.

Mary Beth Sudduth, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

Carlos Williams was convicted in Arkansas state court of burglary and theft of property. He exhausted his state remedies and sought habeas relief under 28 U.S.C. § 2254. The federal district court dismissed his petition without an evidentiary hearing.

Williams now appeals, contending that he is entitled to habeas relief on the following grounds:

1) he was denied a trial before a fair and impartial jury because the trial court failed to remove a juror who stated during voir dire that she would consider him guilty if he did not take the stand;

2) in closing argument, the prosecutor made an improper reference to his failure to take the stand by stating: "how does he explain the blood on the [stolen] clothes [which were found] in the trunk [of the car in which he was arrested]?";

3) on his state court appeal, the Arkansas Supreme Court failed to *sua sponte* order a transcript of the voir dire or of the prosecutor's closing argument;

4) the state trial court improperly instructed the jury on a lesser included offense, namely, theft by receiving; and

5) his trial attorney failed to provide him with effective assistance of counsel because he did not object to either the biased juror or the prosecutor's improper closing argument.

After filing his appeal, Williams filed a motion to expand the appellate record. He wanted the record to include a transcript of the voir dire and closing arguments. He also wanted the record to include a transcript containing selected portions of a jury instruction conference and of the jury instructions given. The selected portions included in the transcript relate to the lesser included offense instruction.

We granted Williams' motion by an order dated April 24, 1986. Having now received the requested transcripts, we proceed to Williams' arguments.

## DISCUSSION

### 1. Biased Juror

■ Williams claims that a juror stated during voir dire that she would assume he was guilty if he failed to take the stand. After reading the voir dire transcript, we conclude that Williams is referring to a juror named Marie Stephens. Williams' claim is marginally supported (but not established) by the following colloquy between his trial attorney, Larry Carpenter, and Stephens (who is referred to as "The Juror" in the voir dire transcript):

> MR. CARPENTER: Okay. Would you expect them [ (Williams and his codefendant) ] to put on any evidence in this case?
>
> THE JUROR: I would assume so.
>
> MR. CARPENTER: If they did not put on any evidence, would you be inclined to consider them guilty?
>
> THE JUROR: Well, I'm not sure, again, because this is so new to me.
>
> MR. CARPENTER: Okay.
>
> THE JUROR: I'm not sure what you are asking, but *I would say if there was no case for their side, I would assume they were guilty.*
>
> MR. CARPENTER: Yeah.
>
> THE JUROR: If that is what you are asking.

(Emphasis added). The colloquy continued, however, in the following fashion:

> MR. CARPENTER: I think that is what I am asking. We lawyers sometimes get pretty confusing. My clients tell me that all the time. What I am trying to get at here is if the State hasn't proved its case beyond a reasonable doubt and the defendants don't put on any evidence whatsoever, the Judge is going to instruct you [that] you are still to require the State to prove to you beyond a reasonable doubt that each or both of these gentlemen are guilty of

some crime that the State has charged. And I think that you can see by the circumstance where *they don't put on any evidence but the State hasn't proved its case beyond a reasonable doubt?*

> THE JUROR: Yes.
>
> MR. CARPENTER: *Could you vote not guilty in that case?*
>
> THE JUROR: *Yes.*
>
> MR. CARPENTER: That is what I was asking. Does everybody understand that? Does everybody agree with that? Okay.

(Emphasis added). Reading the emphasized portions of the voir dire transcript in particular, and the entire transcript in general, it is crystal clear that Stephens understood and was willing to follow the rule that Williams could be found innocent even if he did not take the stand.

The transcript of the voir dire is the only evidence which is relevant to Williams' biased juror claim. Because the transcript conclusively establishes that Williams' claim is meritless, we reject the claim.

### 2. Closing Argument

The state's case against Williams was based on circumstantial evidence. During closing argument, Williams' attorney offered innocent explanations for each piece of circumstantial evidence. On rebuttal, the state prosecutor attacked the explanations given by Williams' attorney. Williams claims that the prosecutor also improperly referred to Williams' failure to take the stand.[1] The portion of the rebuttal argument relevant to this claim reads as follows:

> Mr. Carpenter [ (Williams' attorney) ] would have you believe that, well, * * * [his] client just picked a ride and was in the wrong place at the wrong time, and

---

**1.** Actually, Williams' habeas petition only raised this problem in connection with an ineffective assistance of counsel claim based on his trial attorney's failure to object to the prosecutor's remarks. Also, the federal district court did not consider the prosecutorial comment outside the ineffective assistance of counsel claim. There-

fore, Williams' argument that the prosecutor's comment violated his fifth amendment privilege against self-incrimination is not properly before us. Our discussion of the argument is intended only to serve as a basis for responding to Williams' ineffective assistance of counsel claim.

that is why there was some blood on some of the clothes. The testimony is, there is blood on the clothes in the trunk, too. And if Carlos Williams just hitched a ride, how did the blood on the clothes— *how does he explain the blood on the clothes in the trunk?*

(Emphasis added). Williams' claim is based on the above emphasized sentence and is premised on the assumption that the word "he" refers to Williams rather than to Williams' attorney. Although on rebuttal the prosecutor sometimes, of course, used the word "he" in reference to Williams, we believe it is clear that the prosecutor was referring to Williams' attorney when he used the word "he" in the above emphasized sentence.

■ It is improper for a prosecutor to directly call the jury's attention to a defendant's failure to testify on his own behalf. *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). Even indirect references are impermissible if they either: "(1) manifest the prosecutor's intention to call attention to the defendant's failure to testify, or (2) are such that the jury would naturally and necessarily take them as a comment on the defendant's failure to testify." *United States v. Durant,* 730 F.2d 1180, 1184 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 149, 83 L.Ed.2d 87 (1984). "Both tests require attention to the context of the prosecutor's remarks—the argument itself, and the larger context of the evidence introduced at trial." *Id.* In this case, considering the context of the prosecutor's remarks, it is very clear that the prosecutor's closing argument did not violate either of the two tests set forth in *Durant.*

### 3. Transcript

■ Williams has contended that he is entitled to habeas relief because the Arkansas Supreme Court did not *sua sponte* order a transcript of the voir dire or closing argument. This contention is entirely meritless.

### 4. Lesser Included Offense Instruction

■ The jury was instructed to determine whether Williams was guilty of burglary or theft of property. If they found him innocent of these charges they were to consider whether he was guilty of theft by receiving. Williams had been charged with the first two offenses and was found guilty of those offenses. He had not been charged with theft by receiving.

Williams contends that the giving of the theft by receiving instruction prejudiced him since it gave the jury the impression that he was charged with a laundry list of offenses and that they must find him guilty of one of the offenses. The Arkansas Supreme Court rejected Williams' contention, stating:

> There is no requirement that an information include all lesser included offenses. Petitioner alleges in conclusory fashion that giving the jury a choice of both the greater and lesser offenses confused the jury and left the impression that it had to return a guilty verdict; but since it has already been determined that the evidence was sufficient to support the greater verdict, it was not prejudicial to instruct on the lesser offense.

*Williams v. State,* CR 83–86, slip op. at 3 (Ark.S.Ct. June 18, 1984). Williams' contention that the federal district court erred in adopting the state court's view on this matter is meritless.

### 5. Effective Assistance of Counsel

Williams claims that his trial attorney failed to provide him with effective assistance of counsel because he did not object to Marie Stephens serving as a juror, or to the prosecutor's alleged improper closing argument. Since we have determined that Stephens was not a biased juror and that the prosecutor's closing argument was not improper, we reject Williams' contention that he was denied effective assistance of counsel.

In accordance with the above discussion, we affirm the dismissal of Williams' habeas petition.