Kenny HALFACRE v. STATE of Arkansas

CR 86-184                                    731 S.W.2d 179

Supreme Court of Arkansas
Opinion delivered June 1, 1987
[Rehearing denied June 29, 1987.]

*Phillip A. McGough*, appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On March 6, 1985, Betty Bryant was working as a desk clerk at the Red Roof Inn in Little Rock. She saw the appellant linger in the lobby of the Inn for about thirty minutes, and then, after all of the other people in the lobby had left, she closely observed him when he came up and asked about room rates. She told him the rates, and he immediately walked over to the window, looked out, came back, walked behind the desk, and pulled a handgun. He took the money, pointed the gun in Ms. Bryant's face, and told her to lie down. She did so, heard the door open and close, and heard the sound of a motorcycle leaving. The police were summoned, and when they arrived, Officer Ralph Simon took a physical description of the robber from Ms. Bryant. He subsequently got a description of the robber from Roy Moore, the last person to leave the lobby before the robbery. That night appellant drove his motorcycle to a school to pick up his wife. From the school they rode to the River Port Inn in Pine Bluff where appellant showed his wife some money. She knew that he was unemployed and had just gotten out of prison, and asked where he got the money. He told her that he had robbed the Red Roof Inn. His wife reported this to a Pine Bluff policeman, who contacted the Little Rock Police Department, which ultimately arrested appellant. This led to the identification of appellant by Ms. Bryant, the charge of aggravated robbery, and the conviction. We affirm.

Appellant first contends that his arrest was the result of his wife's breach of a confidential communication, and he is privileged to prevent her from breaching that confidence under A.R.E.

Rule 504, and therefore, he argues, his arrest was illegal and his conviction should be reversed and dismissed. The argument is without merit.

Rule 504 is a rule of evidence providing a *testimonial* privilege to an *accused* in a *criminal proceeding*. Rule 504(b) provides: "(b) General Rule of Privilege. An *accused* in a *criminal proceeding* has a privilege to prevent his spouse from *testifying* as to any confidential communication between the accused and the spouse." (Emphasis added.) Here, the criminal proceedings had not begun when the wife reported the statement, and she did not testify at trial.

Even if Rule 504 were applicable to the facts of this case, appellant waived it by communicating the same information to a third person, Jerry Sutherland. A.R.E. Rule 510. Finally, even if appellant's arrest had been illegally made, we would not reverse. We will not set aside a conviction because of an illegal arrest. *O'Riordan* v. *State*, 281 Ark. 424, 665 S.W.2d 255 (1984).

At trial, appellant's attorney asked Officer Simon to read from his police report the description which Roy Moore gave of appellant. The trial court excluded the evidence as hearsay. The appellant contends the report was admissible under either A.R.E. Rule 803(1) or 804(b)(5). Neither rule is applicable. Rule 803(1) is the rule providing that a present sense impression may be admitted as a hearsay exception. The rule was not applicable in this case because Mr. Moore's description of the robber was given some time after the robbery, and not while he was perceiving the event, or immediately thereafter.

Rule 804(b)(5) provides another hearsay exception for statements "having equivalent circumstantial guarantees of trustworthiness." This exception is not applicable for two reasons: (1) The statement did not have equivalent guarantees of trustworthiness, and (2) appellant did not bring himself under the provisions of the rule because he did not prove that Mr. Moore was unavailable as a witness as required by 804(a)(5).

Appellant's next argument is two-fold: (1) Generally, he argues that the trial court erred in allowing the jury to consider two of his prior convictions which were on appeal, and (2) more

specifically, he argues that since one of these two convictions was later reversed and dismissed, there has been a miscarriage of justice. The trial court did not commit error.

The two prior convictions were properly admitted into evidence for purposes of sentence enhancement even though they were on appeal. *Birchett* v. *State*, 291 Ark. 379, 724 S.W.2d 492 (1987). It was not until after appellant was convicted in the case at bar that one of his other convictions was reversed. Therefore, the trial court did not commit error, and we will not reverse.

After affirmance of this direct appeal, the appellant can petition for post conviction relief and ask that his original sentence be modified if, in fact, it is in excess of the maximum authorized by law. A.R.Cr.P. Rule 37.1; *Birchett* v. *State, supra.*

Finally, appellant argues that due to the combination of the delay in bringing this matter to trial, and the lack of investigation by the public defender who was originally appointed to represent him, his sixth amendment right to a speedy trial was denied. The argument has no merit.

Appellant admits that he was tried within the time limits set out in A.R.Cr.P. Rule 28, but still argues that he was denied a speedy trial because he lost the exculpatory testimony of two witnesses due to the ineffectiveness of the public defender. In *Matthews* v. *State*, 268 Ark. 484, 598 S.W.2d 58 (1980), we explained:

> The rules set out in Article VIII of the Rules of Criminal Procedure were an effort to more precisely define what constitutes a "speedy trial" in the interest of persons accused of crime and the public and in clear recognition of *Barker* v. *Wingo*, supra. We perceive that there may be a denial of one's constitutional right to a speedy trial after a period of delay shorter than those permitted under Rules 28 and 30, but a much stronger showing of prejudice would be necessary than that made here to overcome the presumption that a time within the prescribed limits of these rules meets constitutional requirements.

Appellant has not overcome the presumption that a trial occurring within the time limits set out in Rule 28 meets constitutional requirements because he has not shown any

prejudice. The two witnesses from whom he claims to have lost exculpatory testimony are Roy Moore and a lady with whom he claims to have been conversing in a coffee shop at the time of the robbery. Roy Moore is the identification witness discussed previously under appellant's second point of appeal. As discussed under that point, appellant did not show what efforts, if any, were made to procure this witness. We do not know whether his testimony was lost due to ineffective counsel or lack of a speedy trial, or other reasons. The appellant located the lady in the coffee shop, but she did not remember him. There is absolutely no basis for finding that she would have remembered him even if she had been contacted earlier. In order to establish ineffectiveness of counsel, appellant has the burden of showing that counsel's conduct fell below an objective standard of reasonableness, and that but for counsel's conduct, he would not have been convicted. *Strickland* v. *Washington*, 466 U.S. 668 (1984). Appellant has fallen far short of meeting that burden under the facts of this case.

Affirmed.