Rondal CAMPBELL *v.* STATE of Arkansas

CR 89-202                                   780 S.W.2d 567

Supreme Court of Arkansas
Opinion delivered December 11, 1989
[Rehearing denied January 16, 1990.*]

---

*Hickman and Hays, JJ., would grant rehearing. Turner, J., not participating.

*Young & Finley*, by: *Dale W. Finley*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant was charged with the crimes of theft by receiving with a value in excess of $200.00 and possession of a controlled substance (marijuana) with intent to deliver. The two charges were severed and tried separately.[1] This appeal involves the appellant's conviction of the theft by receiving crime. Because the jury found that the theft charge involved property that exceeded $200 in value, appellant was sentenced under the class C felony provision in Ark. Code Ann. § 5-36-106(e)(2) (1987) and given five years imprisonment.

On appeal, appellant essentially claims that the trial court denied him an instruction, which in view of the evidence, would have allowed him to argue to the jury that the stolen property he possessed was valued at less than $200. Under such circumstances, the jury could have found the appellant guilty of theft by receiving, convicted him of a class A misdemeanor and sentenced him to a term not to exceed one year. Ark. Code Ann. §§ 5-36-106(e)(3) and 5-4-401 (1987).

In support of his claim, appellant argues that the state's evidence valued the stolen property at an amount that would have been less than $200.00 if the jury had been properly instructed to deduct from that market value amount the $40 in cash the

---

[1] Appellant was convicted and sentenced to fifteen years on the controlled substance charge and that conviction was affirmed by the court of appeals in *Campbell* v. *State*, 27 Ark. App. 82, 766 S.W.2d 940 (1989).

appellant paid for the stolen goods.[2] To support his argument, appellant points to Chapter 36 of Ark. Code Ann. entitled Theft, which contains all crimes dealing with the wrongful acquisition of property or services and combines them into a single, comprehensive offense. See original commentary to Ark. Code Ann. § 5-36-102 (1987).

In particular, appellant cites Ark. Code Ann. § 5-36-101(11) which in relevant part provides as follows:

(A) "Value" means:

(i) The market value of the property or services at the time and place of the offense; or

(ii) If the market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense; or

*       *       *

(B) *If the actor gave consideration for or had a legal interest in the property or service, the amount of the consideration or the value of the interest shall be deducted from the value of the property or service to determine value.* (Emphasis added.)

In applying the above provisions to the present case, the appellant submits that the state's witness, Dennis Gale, testified that the total value of the three stolen items (a VCR, microwave and portable television) would be about $355. Gale added, however that the VCR, upon which he assigned a value of $125, would have no value if it did not work. In that event, the total market value of the stolen property would be reduced to $230. The appellant claims that, under § 5-36-101(11)(B), he is entitled to a further reduction of $40 since that was the amount he paid for the stolen property.[3] In sum, when considering the market value given the stolen items and crediting the $40 amount

---

[2] At trial, appellant testified that he did not know the goods he purchased were stolen and the seller did nothing to indicate they were.

[3] Appellant also suggests he should be able to deduct the value of marijuana he gave the person selling the stolen property, but we find such a suggestion wholly without merit. He offers no citation of authority and no convincing argument to support such a view.

to which he is entitled under § 5-36-101(11)(B), he'asserts that instead of convicting him of a class C felony, the jury could have convicted him of a class A misdemeanor as allowed under Ark. Code Ann. § 5-36-106(e)(3) (1987).

■ The state submits several arguments in opposition to the appellant's argument. First, it cites Wisconsin's theft law which contains a value provision similar to Arkansas's but the Wisconsin law reads, "If the *thief* gave consideration for, or had a legal interest in, the stolen property, the amount of such consideration or value of such interest shall be deducted from the total value of the property." *See* Wis. Stat. Ann. § 943.20 (West Supp. 1989). Arkansas's comparable provision, § 5-36-101(11)(B), employs the use of the term *actor* rather than thief; thus by citing Wisconsin's statute, the state suggests Arkansas's theft value provision should apply only in cases where the thief or person stealing the property is involved as opposed to those persons who illegally receive such stolen goods. Such a suggestion is ill-founded. Section 5-1-102(2) of Ark. Code Ann. (1987) broadly defines "actor" as "a person who possesses something," and subsection 15 of that same section defines "possess" to mean "exercise actual dominion, control, or management over a tangible object." In sum, the term actor, as used under Arkansas's law, § 5-36-101(11)(B), is obviously intended to include all those persons who have committed any form of theft set out in Chapter 36 of the Code, including theft by receiving.

This conclusion is consistent with the Code's original commentary to § 5-36-101, which discusses "value" and reflects Arkansas's law on the subject is patterned after Texas law. Tex. Penal Code Ann. § 31.08 (Vernon 1989) provides in relevant part as follows:

> (d) If the *actor* proves by preponderance of the evidence that he gave consideration for or had a legal interest in the property or service stolen, the amount of the consideration or the value of the interest so proven shall be deducted from the value of the property or service. . . (Emphasis added.)

■ The Texas Penal Code defines actor, the term used in § 31.08 above, to mean a person whose criminal responsibility is in issue in a criminal action. *See* Tex. Penal Code Ann. § 1.07(a)(2) (Vernon Repl. 1974). Under Texas criminal law, the term actor is

used instead of defendant in defining most offenses because a person is not technically a defendant until charged. *Id. See* Practice Commentary. Like Arkansas law, the Texas Penal Code provisions dealing with theft encompass all forms, including the crime of receiving stolen property. *See* Tex. Penal Code Ann. § 31.03 (Vernon 1989). This fact considered along with the Arkansas Code drafters' expressed intent to pattern Arkansas theft provisions after Texas's comparable laws, leaves little doubt that the "actor," under § 5-36-101(11)(B), means an accused or defendant is entitled to deduct the amount of consideration he or she paid for the misappropriated property.

The state also argues that interpreting § 5-36-101(11)(B) to allow an accused to deduct consideration he or she paid in buying stolen property could lead to absurd results and, for that reason, the court should not give the statute such a construction. The state explains that it would be absurd to give a fence, or person who pays for stolen goods, a break by awarding him a deduction for the amount he paid, and the state further suggests the fence could all but escape criminal responsibility in the extreme case—where he or she pays the market value for known stolen goods. Of course, the statutory provision providing for such a credit is used only in determining the grade of the offense, *viz.*, whether the offense is a class B or C felony or a class A misdemeanor. In other words, the ultimate value assigned property stolen does not, by itself, exonerate the culprit who stole, sold or bought the property from escaping all liability for committing the crime.[4]

■ We must also reject the state's suggestion that the deduction or credit provision in § 5-36-101(11)(B) should be limited only to situations involving persons who jointly own property with another and who convert it to their own use. Clearly, the language in § 5-36-101(11)(B) provides credit to actors who not only have a legal interest in the stolen property but also those who pay consideration for the property. Such expansive

---

[4] We note, however, that, under Ark. Code Ann. § 5-36-106(c), a person's acquisition of property for a consideration known to be far below its reasonable value gives rise to a presumption that he knows or believes that the property was stolen, so to the extent a person pays an amount close to a property's market value will certainly diminish the prospect of any such presumption arising.

language can in no way be read to exclude an actor or accused who committed theft by receiving.

■ Finally, the state argues that the evidence simply did not warrant an instruction containing the value deduction provision. It notes its witness testified that the stolen items were valued at $355 and that giving appellant credit for the $40 he paid for the items, the total amount remained in excess of $200, which made the offense a felony. The state's argument ignores its own trial testimony that suggests that the VCR had no value if it was not working. The state's witness also gave different values to the stolen television since some confusion existed concerning the television's size. Terry Bruce, a state witness, was involved in stealing the VCR and other items for which the appellant was charged with having received, and Bruce testified that he had given a prior statement that the VCR did not work, that he believed it did not work and added that he had plugged in the VCR the night he got it and he could not get it to work. From our careful review of the record, we have no doubt that evidence was presented to support appellant's claim that the value of the items, when stolen, could have been determined to be less than $200.

■ We now consider appellant's second point for reversal. He argues that the trial court erred in denying his motion in limine to exclude evidence of marijuana and $618 cash that were found at appellant's residence. Appellant simply failed to preserve his record on this point. This court has held that where a judge does not make a final determinative ruling on a party's motion in limine, the party must object at trial to the testimony in question in order to raise the issue on appeal. *See Delta School of Commerce, Inc.* v. *Wood*, 298 Ark. 195, 766 S.W.2d 424 (1989).

Appellant did not mention the $618 cash in his motion in limine, and in fact, he suggested his willingness at trial to stipulate that that amount in cash was found by officers at appellant's residence. And with regard to the marijuana, appellant did include it in his pre-trial motion, but the trial judge was careful to explain to appellant that while the judge would not grant appellant's motion, he suggested that appellant could make his objection at trial concerning the marijuana and the judge would rule on the objection at that time. At trial, the state's witness Jerry Smith testified without objection that he and other

officers had found $618 in cash and a quantity of marijuana during their search of appellant's residence. Other state testimony was also presented concerning the marijuana, and it was admitted without objection.

For the reasons stated above, we reverse and remand.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I would not give Ark. Code Ann. § 5-36-101(11)(B) (1987), the interpretation the majority does. It is ridiculous to say that a thief or one who knowingly buys stolen property can reduce the grade of his offense by getting credit for his illegal payment. We should not interpret statutes in a manner that will lead to absurd consequences. *Dollar* v. *State*, 287 Ark. 61, 697 S.W.2d 868 (1985).

First of all, § 5-36-101(11)(B) was not designed for use in a theft by receiving case. The statute's purpose becomes apparent only in the context of an ordinary theft situation. For instance, A, B and C are joint owners of property. If A converts the entire property to his own use, the grade of his offense is not determined by the *total* value of the property, but by the total value, less A's own legal interest. He is given credit for his legitimate interest in the property. Similarly, if a person has leased a business machine for a one year period and at the end of one year fails to return the machine, he may deduct the consideration he legitimately paid in lease payments.

The problem with using this statute in a theft by receiving case is that it can only come into play when the buyer's interest or consideration paid are illegal. For example, if the buyer innocently purchases stolen goods, he simply has not committed the offense of theft by receiving. Ark. Code Ann. § 5-36-106(a) (1987). If he knowingly buys stolen goods, he has committed the offense and, the majority says, may deduct the amount he paid in the illegal transaction. Surely the legislature did not intend this serious breach of public policy.

The majority opinion does not recognize the element of legality that is necessary to achieve consideration. Consideration is generally defined as a *legal* detriment to one contracting party that results in a corresponding *legal* benefit to another. *Cronk* v. *State*, 100 Misc. 2d 680, 420 N.Y.S.2d 113 (1979); *see also*

Black's Law Dictionary at 278. Contracts based on illegal consideration are void. *Peay* v. *Pulaski County*, 103 Ark. 601, 148 S.W. 491 (1912); *see also* 17 Am. Jur. 2d *Contracts* § 17. The alleged "consideration" the appellant gave in this case is not consideration in the eyes of the law, and the statute should not be read to say that it is.

The majority tacitly recognizes this by failing to give the appellant credit for the marijuana he gave as "boot." Strictly speaking, it was "consideration," but obviously illegal. The same is true of money knowingly paid for stolen property.

The appellant claims the jury should have been instructed that, if the defendant gave consideration for the property, the amount of the consideration should be deducted in determining the value of the stolen property. Whether he was innocent or guilty, the appellant was not entitled to that instruction. If he innocently bought the stolen property, he did not commit the offense with which he was charged; if he knowingly bought the property, any consideration he gave was illegal and should not be considered for his benefit.

HAYS, J., joins in the dissent.