Michael David COX *v.* STATE of Arkansas

CA CR 91-75                                                        820 S.W.2d 471

Court of Appeals of Arkansas
Division I
Opinion delivered December 11, 1991
[Rehearing denied January 15, 1992.]

174

*Joel O. Huggins*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with one count of delivery of a controlled substance, a Class Y felony. After a jury trial, he was convicted of that offense and was sentenced to 25 years in the Arkansas Department of Correction and fined $3,500.00. From that conviction, comes this appeal.

For reversal, the appellant contends that the trial court erred in not granting a mistrial after the state assertedly commented during *voir dire* on the appellant's failure to testify; that the trial

court erred in overruling the appellant's objection to evidence not provided to the appellant by the State in discovery; and that the trial court erred in denying the appellant's motion to dismiss on the grounds that the appellant's due process right to a speedy trial was violated. We find no error, and we affirm.

We first address the appellant's contention that the trial court erred in denying his motion for a mistrial following the State's asserted comment on the appellant's failure to testify. During *voir dire*, the prosecution made the following remark to the potential jurors:

> You, the jury, are the judges of credibility . . . the credibility of the witness. You make a decision that witness sitting right there answering questions, talking to you, about whether what they are telling you is the truth. And you base that on the same way you decide whether I'm telling you the truth, whether the Judge is telling you the truth, or whether anybody else is, by you looking at them, knowing that you . . . determining what you can determine from the way they're . . . use what you use everyday.

> What I'm asking you to do is that you will not . . . or will you do the same thing with a police officer, or with the defendant, or with the witnesses, based on what you see and hear and your perception of them, not necessarily based on their appearance to you. . . .

It is improper for a prosecutor to directly call the jury's attention to a defendant's failure to testify on his own behalf. *Williams* v. *Lockhart*, 797 F.2d 344 (8th Cir. 1986). Clearly, the statements made to the potential jurors in the case at bar did not directly call their attention to the defendant's failure to testify. However, even indirect references are impermissible if they either: (1) manifest the prosecutor's intention to call attention to the defendant's failure to testify, or (2) are such that the jury would naturally and necessarily take them as a comment on the defendant's failure to testify. *United States* v. *Nabors*, 762 F.2d 642 (8th Cir. 1985). Taking the prosecution's remarks in context, as we must, *see Nabors, supra*, we find no impermissible comment. The incidental mention of the defendant along with a police officer and other witnesses in the context of a remark concerning the jury's function in determining the credibility of

witnesses does not manifest an intention to call attention to the defendant's failure to testify. Nor do we think that the jury would naturally and necessarily take a reference to the defendant in this context as a comment on the defendant's failure to testify. Nor do we think that the jury would naturally and necessarily take a reference to the defendant in this context as a comment on the defendant's failure to testify. The appellant argues that the prosecution's comment constituted reversible error because one or more of the jurors may have expected, based on the prosecution's statement, that they would be given the opportunity to judge the defendant's credibility on the witness stand. We do not agree. Although some juror might conceivably have viewed the remarks in the manner suggested by the defendant, the test is whether the jury would necessarily or probably have done so. *United States* v. *Nabors, supra.* Because we do not think that the jury would necessarily or probably have adopted the view of the prosecution's remarks suggested by the appellant, we find no error on this point.

We next address the appellant's contention that the trial court erred in overruling his objection to evidence not provided to him by the State in discovery. There was evidence at trial to show that Officer Lance King of the Arkansas State Police, working with a confidential informant, purchased 1.5 grams of cocaine from the appellant at the appellant's home. There was also evidence that, when Officer King asked about purchasing some cocaine, the appellant responded that he was waiting on a shipment and that the appellant's companion, Joe Lockhart, was going to the airport to pick up a load of cocaine. There was testimony that, before Mr. Lockhart left for the airport, he asked to borrow some scales to weigh the cocaine. The appellant agreed, went into the front bedroom, and returned carrying a set of triple beam scales, which he handed to Mr. Lockhart in a box. Officer King and the confidential informant then told the appellant that they were leaving and that they would return for the cocaine. Officer King and the informant returned to the appellant's residence at about 8:30 p.m., before Mr. Lockhart returned. When Mr. Lockhart arrived, he and the appellant went into the front bedroom for about ten minutes; Mr. Lockhart then left the house, and the appellant motioned to Officer King and the confidential informant to come into the bedroom with him. In the

bedroom, the appellant handed the cocaine to Officer King in exchange for $200.00. Officer King testified that, while he was in the front bedroom, he saw a set of triple beam scales with some cocaine on them. The appellant objected to Officer King's testimony concerning the triple beam scales seen in the bedroom on the grounds that the State failed to inform him that Officer King would testify to having seen a set of scales with cocaine on them in the appellant's bedroom.

Under Ark. R. Crim. P. 17.1, the prosecuting attorney is obliged to disclose to the defendant upon timely request specific material and information, including the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial. Although under Rule 17.1 the State is required to disclose statements made by the defendants, any co-defendants, and any experts involved in the case, the rule does not require the disclosure of statements made by other witnesses. In the case at bar, the appellant was provided with a copy of the written request made by Officer King, and the defense counsel interviewed Officer King prior to trial. Neither the report nor the interview revealed that Officer King had observed the triple beam scales and cocaine in the appellant's bedroom on the night the transaction occurred; apparently, this fact came to light during a conference between the prosecutor and Officer King prior to trial. The appellant contends that the State violated the discovery rule by failing to inform him that Officer King intended to testify concerning the presence of the triple beam scales and cocaine in the appellant's bedroom, and that the trial court erred in allowing Officer King to so testify. We do not agree. The appellant cites no authority to support the proposition that the State is required to disclose the substance of a witness's testimony to a defendant. Rule 17.1(a)(i) requires only that the names and addresses of witnesses be disclosed by the prosecuting attorney. See Shuffield v. State, 23 Ark. App. 167, 745 S.W.2d 630 (1988). Because the precise details of Officer King's testimony were not subject to discovery, we hold that the trial court did not err in overruling the appellant's objection to the testimony concerning the triple beam scales found in the bedroom.

Finally, the appellant contends that the trial court erred in denying the appellant's motion to dismiss on the grounds that his due process right to a speedy trial was violated. The record shows

that the offense was committed on February 5, 1988; the information was filed sixteen months later on June 12, 1989; the appellant was arrested on December 5, 1989; and trial was held eight months after his arrest, on August 21, 1990. In addition, several continuances were granted at the request of the defendant, and these periods of delay are excluded in computing the time for speedy trial under Ark. R. Crim. P. 28.3(c). The appellant concedes that he was brought to trial prior to the technical time required by the speedy trial time as set out in Ark. R. Crim. P. 28; however, he argues that the twenty-two month span between the commission of the offense and his arrest violated his constitutional right to a speedy trial and that the charges against him should therefore have been dismissed. We do not agree.

Four basic factors must be considered in determining whether a defendant's constitutional right to a speedy trial has been violated. These are: (1) the length of the delay; (2) the reason for the delay; (3) the defendants' assertion of his rights; and (4) the prejudice to the defendant. *Stephens v. State*, 295 Ark. 541, 750 S.W.2d 52 (1988). In the case at bar, the appellant was tried approximately eight months after his arrest, and his speedy trial argument is based on his assertion of prosecutorial delay in filing charges against him and affecting his arrest. Although it is true that there are instances where prosecutorial delay in the bringing of criminal charges may constitute prejudicial error requiring dismissal, the key element is whether or not prejudice results which would require dismissal of those charges. *Bennett v. State*, 302 Ark. 179, 789 S.W.2d 436; *cert. denied*, ___ U.S. ___, 111 S. Ct. 144 (1990). In *Bennett, supra*, the Arkansas Supreme Court held that a delay of nine years in the filing of charges did not mandate dismissal. Although the appellant's attorney, who was present when the appellant gave his statement to the Sheriff, died before the appellant was charged with murder, the Supreme Court held that no prejudice was established in the absence of an allegation that the deceased attorney had any special knowledge which would have proved beneficial to the appellant at trial. *Bennett, supra*, 302 Ark. at 182. The appellant in the case at bar argues that he was prejudiced by the asserted prosecutorial delay in bringing charges because several witnesses who were present at the drug buy were unable to recall details of the night in question. However, the appellant has made no

showing to support a finding that these witnesses would have remembered the events of the night in question more completely even if trial had commenced earlier. *See Halfacre* v. *State*, 292 Ark. 331, 731 S.W.2d 179 (1987). There is a presumption that a trial occurring within the time limit set out in Ark. R. Crim. P. 28 meets constitutional requirements, *see Halfacre, supra,* and on this record we cannot say that the appellant has made a sufficient showing of prejudice to overcome that presumption. *See id.*

Affirmed.

DANIELSON and MAYFIELD, JJ., agree.