Billy Joe HENSON *v.* STATE of Arkansas

CR 88-71                                    757 S.W.2d 560

Supreme Court of Arkansas
Opinion delivered October 10, 1988

*Greene Law Offices,* by: *Bill Lupen,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. A jury found the appellant guilty of aggravated robbery and theft of property. Upon the recommendation of the jury, the court sentenced the appellant as a habitual offender to thirty years in prison for theft of property and life for aggravated robbery. For his appeal he argues that there was

insufficient evidence to support the convictions on either charge; and that the trial court erred in refusing to give an instruction on the lesser included offense of robbery. We agree that the proffered instruction should have been given and reverse the trial court.

The manager of a local business entered his office where the safe was located and discovered the safe open and a man in the process of taking money from the safe. The man then stated: "You caught me. Here's the money." The two men were in close proximity to each other, and when the culprit put his hand either inside his coat or in his pocket, the manager retreated on the assumption that the man was about to pull a weapon. At the same time the thief exited through the back door with the bag of money. The manager testified that there was between seven and eight hundred dollars in the safe at the time of the robbery.

We do not discuss the question of the sufficiency of the evidence other than to say that the evidence presented at this trial was sufficient to sustain the appellant's conviction for either charge or the charge of robbery. The facts may not develop the same at a second trial.

We now turn to the issue concerning the refusal of the trial court to instruct the jury on the lesser included offense of robbery. It has long been the law in Arkansas that where there is the slightest evidence tending to disprove one of the elements of the greater offense, it is error to refuse to give an instruction on a lesser included offense. *Brewer v. State*, 271 Ark. 254, 608 S.W.2d 363 (1980); and *Robinson v. State*, 269 Ark. 90, 598 S.W.2d 421 (1980). Where there is the slightest evidence to warrant such an instruction, it is error to refuse to give it. *Westbrook v. State*, 265 Ark. 736, 580 S.W.2d 702 (1979); and *King v. State*, 117 Ark. 82, 173 S.W. 852 (1915).

The question presented is not whether there was sufficient evidence to support a conviction for aggravated robbery since the jury could have accepted or rejected all of the proof on that charge. The issue is whether the jury should have been allowed to consider the offense of robbery, which is included in the offense of aggravated robbery. The jury, as trier of fact, should have been afforded the opportunity to consider whether to believe all or just part of the testimony of the chief prosecuting witness; i.e., whether to find the appellant guilty of aggravated robbery or

simple robbery.

We are not unmindful of our decisions in such cases as *Young* v. *State*, 283 Ark. 435, 678 S.W.2d 329 (1984), where the evidence presented at the trial mandated either a conviction for the offense charged or acquittal. However, when the evidence presented demonstrates that the accused could be guilty of a lesser offense than that charged, it is the duty of the court to give instructions embracing all degrees of a particular offense applicable to the evidence. *Westbrook*, supra.

There is a line of cases, apparently relied upon by the trial court, holding that a lesser included offense instruction is not required where the question for the jury is truly an "all or nothing" proposition. In *Young*, supra, where the charge was aggravated robbery, the question was whether the proffered instruction on the lesser included offense of robbery should have been given. We upheld the decision of the trial court refusing to give the robbery instruction. We found no rational basis for giving the instruction because it had never been disputed, denied or controverted that a pistol was used in the robbery. The appellant was obviously guilty of aggravated robbery or nothing at all. See also *Smith* v. *State*, 277 Ark. 403, 642 S.W.2d 299 (1982).

The state relies on *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986); and *Hamilton* v. *State*, 262 Ark. 366, 556 S.W.2d 884 (1977) and argues that there was no rational basis for giving the instruction on the lesser offense. In *Doby* this court relied upon *Frederick* v. *State*, 258 Ark. 553, 528 S.W.2d 362 (1975), and followed the rationale that the accused was guilty of the offense charged or nothing at all. In *Hamilton* we found error in refusing to give an instruction on the lesser included offense of robbery and reduced the sentence to one for robbery.

The appellant's defense at trial was simply that he didn't commit the crime. His not guilty plea put the burden on the state to prove his guilt. The fact that he did not take the stand to deny his guilt did not lessen the state's burden.

When the facts are susceptible of more than one interpretation, a lesser included offense instruction should be given. Generally a robbery instruction is required when the charge is aggravated robbery. A similar example is that a possession

instruction is generally required when the charge is possession with intent to deliver. However, the facts of a particular case may develop so clearly that there would be no rational basis for giving a lesser included offense instruction.

Since the facts in this case are susceptible of more than one interpretation, robbery or aggravated robbery, the instruction should have been given. The evidence was not so conclusive as to demonstrate that only aggravated robbery could have been committed by the appellant. This is not a case of all or nothing.

Reversed and remanded for a new trial.

DUDLEY, J., not participating.