James Wesley JOHNSON *v.* STATE of Arkansas

CA CR 88-230                          773 S.W.2d 450

Court of Appeals of Arkansas
Division II
Opinion delivered June 28, 1989

*William R. Simpson, Jr.*, Public Defender, by: *Didi Harrison*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. James Wesley Johnson was found guilty by a Pulaski County jury of battery in the second degree. He was also found to have committed four previous felonies, and was sentenced by the circuit court to eight years imprisonment.

On appeal, Johnson argues that the evidence is not sufficient to support the conviction and that the court erred in refusing to give an instruction on battery in the third degree, a lesser included offense. We find sufficient merit in the second argument to require reversal.

■ When the sufficiency of the evidence is questioned we must examine that issue before turning to allegations of trial error. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The relevant part of Ark. Code Ann. § 5-13-202 (1987), defining battery in the second degree, is:

(a) A person commits battery in the second degree if:

(4) He intentionally or knowingly without legal justification causes physical injury to one he knows to be:

(A) A law enforcement officer . . . , while such officer . . . is acting in the line of duty;

"Physical Injury" is defined by Ark. Code Ann. § 5-1-102(14) (1987) to mean "the impairment of physical condition or the infliction of substantial pain."

Scott Stubenrauch, a Little Rock police officer, testified that he saw Johnson standing on the front porch of a Bishop Street residence on March 22, 1988. Stubenrauch, who was in uniform, became suspicious and followed Johnson in the police car. When the officer pulled up beside him, Johnson approached the car, and the officer asked to talk with him. Stubenrauch was in the process of doing a "pat down search" for weapons when Johnson pushed back from the police car and reached for his right front pocket. Stubenrauch grabbed him and the two fell to the pavement. During the struggle Stubenrauch ended up on top, with a grip on both of Johnson's hands. The officer testified that Johnson took his left hand and beat it against the pavement "five, six, seven times." He said, "the pain was intense. When the pain got to me I had to turn loose of his hand." Stubenrauch testified that once he released his hand, Johnson immediately reached in his pocket, took something out, and swallowed it. The trial court sustained an objection to the last portion of the testimony.

The little finger on Stubenrauch's left hand was injured. He went to the hospital for x-rays where it was learned that the finger was bruised, not broken. He testified that he wore a splint for two days and didn't gain full function of the finger for about a week. He said that he could write only with pain.

Dr. Allen Lea testified that the injury was a "superficial abrasion" and that he would consider it a minor injury. He also

testified that he would expect Stubenrauch to have pain for two or three days.

■ Appellant argues that there is not substantial evidence to support a finding by the jury of impairment of physical condition or the infliction of substantial pain. We need not decide whether the evidence is sufficient to support a finding of impairment because it will support a finding of "the infliction of substantial pain." Admittedly this was a relatively minor injury. However, we think the testimony of the officer and the treating physician is adequate to support the jury's conclusion that Stubenrauch was in "substantial pain."

Johnson relies on *Hall* v. *State*, 11 Ark. App. 53, 666 S.W.2d 408 (1984) and *Kelley* v. *State*, 7 Ark. App. 130, 644 S.W.2d 638 (1983). Neither case is controlling here. In *Hall*, we held only that the evidence was insufficient to support a finding of "*serious* physical injury." We also expressly held, however, that evidence of bruising would support a finding of "physical injury." In *Kelley*, we did hold that the evidence was insufficient to support a finding of "physical injury." There the victim's injury was likened to a "fingernail scratch," it required no medical attention, and there was no testimony of pain. Here, Stubenrauch described his pain as "intense." Dr. Lea testified that he would expect the officer to be in pain for several days, and the injury required medical attention.

Appellant also argues that the trial court should have given an instruction on battery in the third degree. Ark. Code Ann. § 5-13-203 (1987) provides, in pertinent part:

(a) A person commits battery in the third degree if:

(2) He recklessly causes physical injury to another person
. . . .

"Knowingly" and "recklessly" are defined by Ark. Code Ann. § 5-2-202 (1987):

(2) "Knowingly." A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is

practically certain that his conduct will cause such a result;

(3) "Recklessly." A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation;

Here, the trial court reasoned that because there was no evidence from which the jury could find that Johnson acted "recklessly" in injuring the officer, the instruction on the lesser included offense was not required. We cannot agree. The State relies primarily on *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986) and *Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699 (1986). In *Doby* the defendant was convicted of possession of drugs with intent to deliver, and he argued on appeal that the trial court should have given an instruction on simple possession. In that case, police officers testified that Doby admitted having the drugs (including Dilaudid and Valium), and that he told them he sold the Dilaudid tablets for $45.00 each and the Valium tablets for $1.00 to $1.50 each. They also testified that Doby admitted he sold cocaine. Doby testified at trial and denied ever possessing any drugs. The supreme court said:

Doby rested his entire defense on his credibility against that of the officers. So as a practical matter, it came down to whom should the jury believe. There would be no rational basis to find the officers lied in part in this case. Their testimony so sharply conflicted with Doby's that it would not be reasonable to expect a jury to pick and choose and come up with a finding of a lesser offense when to do so would require a finding that Doby was a liar and the officers liars in part. If Doby had admitted possessing the drugs, it might make sense to require the charge of the lesser offense. But his defense was that he was entirely innocent of any crime: he possessed nothing. Therefore, the jury only had one question to decide, whether he was guilty as charged.

The court said that because Doby denied he even possessed any drugs it was "a case of all or nothing." The court, in a four-

three decision, affirmed the trial court's refusal to give the lesser included offense instruction.

*Flurry* was a companion case to Doby, and again, the supreme court held in a four-three decision that the lesser included offense instruction was not required. Flurry was charged with raping his fourteen-year-old daughter. On appeal he contended that the trial court should have given instructions on the lesser included offenses of carnal abuse in the third degree and sexual misconduct. Significantly, Flurry testified that he was completely innocent and that nothing improper had occurred between him and his daughter. The court held that under these circumstances there was no rational basis for a lesser included instruction.

Johnson relies on *Henson* v. *State*, 296 Ark. 472, 757 S.W.2d 560 (1988). There the defendant was convicted of aggravated robbery and theft and the issue on appeal was whether the trial court erred in refusing to give an instruction on the lesser included offense of robbery. Although the supreme court said that the evidence would support a conviction for aggravated robbery, it held that the instruction on the lesser included offense should have been given. Henson did not testify at trial — he simply put the State to its proof. The supreme court unanimously held that *Doby* v. *State, supra*, was not controlling. The court said:

> When the facts are susceptible of more than one interpretation, a lesser included instruction should be given. Generally a robbery instruction is required when the charge is aggravated robbery. A similar example is that a possession instruction is generally required when the charge is possession with intent to deliver. However, the facts of a particular case may develop so clearly that there would be no rational basis for giving a lesser included offense instruction.

> Since the facts in this case are susceptible to more than one interpretation, robbery or aggravated robbery, the instruction should have been given. The evidence was not so conclusive as to demonstrate that only aggravated robbery could have been committed by the appellant. This is not a case of all or nothing.

296 Ark. at 474-475, 757 S.W.2d at 561.

■ We reach the same conclusion here. The defendants in *Doby* and *Flurry* both took the stand to deny any participation in wrongdoing. Johnson, like the defendant in *Henson*, did not testify. While the testimony in the case at bar certainly would support a finding that Johnson "knowingly" caused physical injury to the officer's finger, we also think that the jury could rationally find that he "recklessly" caused the injury, by finding that he had consciously disregarded a substantial risk that the injury would occur. *See* Ark. Code Ann. § 5-2-202(3) (1987). Where there is the slightest evidence to warrant an instruction on a lesser included offense, it is error to refuse to give it. *Henson* v. *State, supra.*

Reversed and Remanded.

CORBIN, C.J., and MAYFIELD, J., agree.