Derrick ALLEN *v.* STATE of Arkansas

CA CR 98-178                                      977 S.W.2d 230

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered November 4, 1998

[Petition for rehearing denied December 2, 1998.*]

* ROBBINS, C.J., and BIRD, J., would grant.

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Derrick L. Allen was convicted in a bench trial of second-degree battery and resisting arrest, stemming from an altercation that he had with North Little Rock police officers. For the felony battery offense, he received three years' probation and 120 days in the Pulaski

County Jail, to run concurrent with a nine-month sentence imposed by the trial court for the misdemeanor resisting-arrest offense. Allen's sole point on appeal is that the evidence was insufficient to sustain his second-degree battery conviction. We agree, and affirm as modified.

On the evening of September 12, 1996, Allen, a seventeen-year-old senior at North Little Rock High School West campus, attended a North Little Rock High School East campus football game wearing sunglasses and headphones. Ken Kirspel, principal of the East campus, and Gary Goss, the athletic director, advised Allen of a school policy that prohibited wearing sunglasses and headphones on school grounds. Allen initially removed his sunglasses and headphones, but later put them back on. When Kirspel and Goss subsequently encountered Allen again wearing the prohibited items, they informed him that he would have to leave the game.

Allen refused to comply, and several uniformed, off-duty North Little Rock police officers came to assist them. Because a nearby exit gate was locked, the officers attempted to lead Allen to another exit through the stadium manager's office. A struggle ensued in the office when the officers attempted to place Allen under arrest. Before he was subdued, Allen got one arm free and raised it in a threatening manner; one officer testified that he saw Allen strike Officer James Bona, the victim of the battery, on the top of his head.

During the altercation, Officer Bona sustained several abrasions to his upper forehead that he described as "oozing" blood. While acknowledging that he did not notice the injury until it was called to his attention by other officers and that the injury did not cause him to be unable to perform his duties, he nonetheless described the pain from his injuries as "stinging pretty good." Officer Bona was later examined at a hospital, but did not receive stitches or pain medication for his injuries.

When Allen moved for directed verdict at the conclusion of the State's evidence, the trial court denied the motion, finding that Officer Bona suffered an impairment of physical condition because he had to stop what he was doing and go to the hospital.

On appeal, Allen argues that the evidence was insufficient to establish that he caused physical injury to Officer Bona. Relying on *Kelley v. State*, 7 Ark. App. 130, 644 S.W.2d 638 (1983), Allen asserts that the evidence is insufficient to sustain his conviction because Officer Bona's description of his pain indicated that it was not substantial, that he did not require medical treatment, and that he opined that the injury did not render him unable to perform his duties.

■ ■ In resolving the question of the sufficiency of the evidence in a criminal case, this court views the evidence in the light most favorable to the State and affirms the judgment if there is any substantial evidence to support the finding of the trier of fact. *Armstrong v. State*, 35 Ark. App. 188, 816 S.W.2d 620 (1991). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* In order for the court to have found Allen guilty of second-degree battery in violation of Ark. Code Ann. § 5-13-202(a)(4)(A) (Repl. 1997), the State was required to prove: "(4) [H]e intentionally or knowingly without legal justification cause[d] physical injury to one he knows to be: (A) [a] law enforcement officer . . . while such officer . . . is acting in the line of duty . . . ."

■ Arkansas Code Annotated section 5-1-102(14) (Repl. 1997) defines "physical injury" as the impairment of physical condition or the infliction of substantial pain. Pain is a subjective matter and difficult to measure from testimony. *Sykes v. State*, 57 Ark. App. 5, 940 S.W.2d 888 (1997). In determining whether an injury inflicts substantial pain, the fact-finder must consider all of the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted. *Id.* The fact-finder is not required to set aside its common knowledge and may consider the evidence in light of its observations and experiences in the affairs of life. *Id.*

First, *Kelly v. State, supra*, is clearly analogous. In that case, this court found the evidence insufficient to support a jury verdict

convicting the defendant of battery in the third degree because the evidence did not show that the injuries to the victim caused him "substantial pain," or "impairment, " where the injury did not require medical attention and was described by one witness as a "fingernail scratch." 7 Ark. App. at 136, 644 S.W.2d at 642. In *Kelly*, the victim suffered his injury when the defendant stabbed him in the shoulder through his clothes. *Id.* The case is silent as to whether the victim testified as to how painful the injury actually was. Certainly the injury in the instant case is no more extensive than the knife wound in *Kelly*.

By comparison, in *Johnson v. State*, 28 Ark. App. 256, 773 S.W.2d 450 (1989), this court upheld a battery conviction by finding that a police officer had sustained a physical injury by virtue of the infliction of substantial pain despite his only injury being what a doctor described as a "superficial abrasion" to his little finger. As in the instant case, the officer had sought a medical examination of the injury after the incident and resumed his duties afterward. However, *Johnson* is readily distinguishable from the instant case by the severity of the injuries. In *Johnson,* the victim testified that the defendant took his left hand and beat it against the pavement "five, six, seven times," and that "the pain was intense." 28 Ark. App. at 257, 773 S.W.2d at 451. Further, the pain actually affected the officer's job performance, as he testified, "When the pain got to me I had to turn loose of his hand," and stated that he was required to wear a splint for two days, did not regain full use of his finger for a week, and could write only with pain. *Id.* By comparison, Officer Bona testified that he did not even notice the injury until after Allen had been subdued and his fellow officers called his attention to it. The injury did not impair Officer Bona in his job performance. The fact that he had to have his injury checked at the hospital was apparently not even his idea, but rather required by his supervisor, and the only reason that he did not return to the stadium after finishing at the hospital was because the game was over. Here, in denying Allen's "directed verdict" motion, the trial court found only that Officer Bona suffered a physical impairment under the meaning of the statute because he had to leave the job site and declined to find

that he suffered substantial pain. While the State correctly contends that pain is a subjective matter and that bruises and scrapes can cause substantial pain, significantly, neither Officer Bona nor the trial court characterized this injury as causing substantial pain. Further, we cannot say from the record before us that the testimony describing the injury and the pain associated with it rises to the level of "infliction of substantial pain."

Moreover, there is also insufficient evidence to support a finding of impairment of physical condition. Although there are no reported cases in which the affirmance of a battery conviction is based solely on this alternative means of establishing physical injury, this court found sufficient evidence of both the infliction of substantial pain and the impairment of physical condition in *Hundley v. State*, 22 Ark. App. 239, 738 S.W.2d 107 (1987). In *Hundley*, the victim, a police officer, was stabbed completely through the shoulder with a three-inch knife and testified that afterward he felt faint, experienced chest pains and difficulty in breathing, and sought treatment at an infirmary. This court held that these symptoms, in addition to evidencing substantial pain, showed the "temporary impairment of physical condition." 22 Ark. App. at 243, 738 S.W.2d at 110. In the instant case, we have no symptoms whatsoever on which to base a finding of impairment.

As far as considering the evidence in light of the factors listed in *Sykes v. State, supra*, the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted, it is significant that Officer Bona did not even remember being struck by Allen. Accordingly, we have here only a scuffle involving at most a single blow, and Allen's conduct, while unlawful, was hardly a severe attack.

As to the disposition of this case, in *Tigue v. State*, 319 Ark. 147, 889 S.W.2d 760 (1994) the supreme court stated,

> [w]here the evidence presented is insufficient to sustain a conviction for a certain crime, but where there is sufficient evidence to sustain a conviction for a lesser included offense of that crime, this court may "reduce the punishment to the maximum for the

lesser offense, reduce it to the minimum for the lesser offense, fix it . . . at some intermediate point, remand the case to the trial court for the assessment of the penalty, or grant a new trial either absolutely or conditionally.

The evidence in this case would clearly sustain a conviction for assault in the second degree. Arkansas Code Annotated section 5-13-206 (Repl. 1997) provides:

(a) A person commits assault in the second degree if he recklessly engages in conduct which creates a substantial risk of physical injury to another person.

(b) Assault in the second degree is a Class B misdemeanor.

We therefore modify the judgment of conviction to the lesser-included offense of assault in the second degree under Ark. Code Ann. § 5-13-206, and reduce Allen's concurrent sentence to the maximum allowable for Class B misdemeanors, ninety days. *See* Ark. Code Ann. § 5-4-401(b)(2) (Repl. 1997).

Affirmed as modified.

MEADS, STROUD, and JENNINGS, JJ., agree.

ROBBINS, C.J., and BIRD, J., dissent.

JOHN B. ROBBINS, Chief Judge, dissenting. I agree that we can modify a judgment of conviction to a lesser-included offense in an appropriate case, but I disagree that this case is an appropriate one for modification. The difference that separates me from the majority is the application of the meaning of "the infliction of substantial pain." Appellant was charged with second-degree battery in violation of Ark. Code Ann. § 5-13-202(a)(4)(A) (Repl. 1997), which involves "physical injury" to a law enforcement officer. Arkansas Code Annotated section 5-1-102(14) (Repl. 1997) defines "physical injury" as the impairment of physical condition or the infliction of substantial pain. The trial court found that Officer James Bona suffered a physical injury at the hands of appellant. The majority holds that, as a matter of law, the trial court could not reasonably make such a finding.

In determining the sufficiency of the evidence to support a criminal conviction, we must review the proof in the light most favorable to the State, considering only that evidence which tends to support the verdict. *Prowell v. State*, 324 Ark. 335, 921 S.W.2d 585 (1996); *Moore v. State*, 58 Ark. App. 120, 947 S.W.2d 395 (1997). The proof presented to the court permits the following facts to be found:

> North Little Rock police officer James Bona was working a football game at the North Little Rock High School East Campus on September 12, 1996. During an altercation that evening, appellant struck Officer Bona with his fist on which were several rings. The blow caused three or four cuts to the top of the officer's head. While the cuts did not bleed profusely, they oozed blood. Officer Bona testified that "there was some pain. It was stinging pretty good." He went to the hospital to be checked out, and was treated and released.

This is the evidence that could support a determination that appellant inflicted substantial pain to Officer Bona.

In modifying the trial court's judgment, the majority opinion emphasizes and discusses the following evidence that does not tend to support the trial court's decision:

1) Officer Bona testified that he did not even notice the injury until after appellant had been subdued and his fellow officers called his attention to it;

2) that the injury did not impair Officer Bona in his job performance;

3) that it was not Officer Bona's idea to go to the hospital, but he was required to go by his supervisor, and the only reason that he did not return to the stadium after finishing at the hospital was because the game was over;

4) and finally, that it was significant that Officer Bona did not even remember being struck by appellant.

Were we sitting as a jury, all of the above evidence would be relevant and pertinent in a determination of guilt. We do not, however, sit as a jury. The majority violates our standard of review

that requires us to only consider the evidence which tends to sup-port the trial court's decision. *Prowell v. State, supra; Moore v. State, supra.*

I believe that a blow to the head of a police officer by a fist with several finger-rings, which causes blood to ooze, is substantial evidence and would permit the finder of fact to reasonably con-clude that this constituted "the infliction of substantial pain" to the officer.[1] I would affirm the appellant's conviction without modification.

BIRD, J., joins in this dissent.

---

[1] While the majority opinion states that the trial court made no finding that Officer Bona suffered substantial pain, this conclusion is not apparent from the record. After the State's case, the trial court denied the appellant's motion for directed verdict, and commented that there was evidence of an impairment to Officer Bona. At the conclusion of the case, the trial court denied the appellant's directed verdict motion without comment, and thereafter announced a judgment of guilt on the second-degree battery charge. The trial court made no specific factual findings at the conclusion of the case, nor did it at any time express the opinion that Officer Bona did not suffer substantial pain. We presume that the trial court acted properly and made such findings of fact as were necessary to support the judgment. *Morgan v. Stocks,* 197 Ark. 368, 122 S.W.2d 953 (1938); *Jocon, Inc. v. Hoover,* 61 Ark. App. 10, 964 S.W.2d 213 (1998). In reaching its judgment, the trial court did not specify on which basis the State proved a physical injury, and no clarification was requested. Our duty on review of this case is to affirm if there is substantial evidence to support the conviction, whether this evidence established "substantial pain" or whether it established an "impairment;" either would support a conviction under the statute at issue.