Billy Mack NICHOLS and Byron Gillespie *v.*
STATE of Arkansas

CA CR 99-354                                        11 S.W.3d 19

Court of Appeals of Arkansas
Division III
Opinion delivered March 1, 2000

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellants, Billy Nichols and Byron Gillespie, were convicted in a jury trial of kidnapping, aggravated robbery, and theft of property. Nichols was sentenced as a habitual offender to a total of fifty years in the Arkansas Department of Correction. Gillespie was sentenced to a total of ten years. Appellants make numerous arguments for reversal in their respective appeals. We find no merit in any of the points raised and affirm.

The victim, Stuart Fijo, testified that on January 7, 1998, Nichols and Gillespie came to his house at approximately 11:30 p.m. The victim was acquainted with Nichols as the two had participated in drug transactions in the past. He testified that once inside, Nichols pulled out a gun, cocked it, pointed it at him, and demanded his car. The victim testified he attempted to give Nichols the keys, but was told that he had to go with them. Nichols instructed Gillespie to take the victim's gun that was visible from under a couch cushion. Gillespie retrieved the gun and pointed it at the victim. They then forced the victim to leave the house and into the back seat of his car. Gillespie drove the car while Nichols sat on the passenger side and held a gun on the victim.

The victim testified he was later forced into the trunk of the car. He testified he could hear people getting in and out of the car when they stopped at various times. The victim was eventually able to unlock the trunk from the inside; he jumped out of it while they were stopped at a gas station, injuring himself in the process. The clerk at the store testified the victim ran into the store and asked to call the police. The clerk stated the victim was scared and bleeding.

Within one hour of the report, police officers observed the vehicle and followed it to the victim's address. Nichols was driving the car, and Gillespie and a woman were found asleep inside the victim's house. The victim's gun was found in the vehicle. A second gun identified as the one used by Nichols was later found in a box from the victim's home. In the trunk of the car was a cigarette package the victim testified he put there as proof of what happened. Police officers also found evidence of pry marks on the inside of the trunk lock.

Gillespie testified that he, his girlfriend, and Nichols took a cab to the victim's house. He testified the victim let them inside and discussed buying drugs with Nichols. Gillespie testified he did not

accompany the victim and Nichols to get the drugs, but stayed at the house with his girlfriend. He testified neither he nor Nichols had a gun; he stated the victim was the only one who was armed. Nichols did not testify.

## I. Gillespie

On appeal, Gillespie argues the trial court erred in refusing to instruct the jury on the lesser-included offenses of false imprisonment and robbery, and the trial court erred in denying his severance motion.

Gillespie contends the trial court erred in refusing to instruct the jury on the elements of false imprisonment because the evidence supported a finding that the restraint of the victim was for the purpose of stealing his car rather than for the purpose of terrorizing him, and that the robbery instruction should have been given because there was evidence that he did not have a gun.

█ Arkansas Code Annotated section 5-1-110(c) (Repl. 1993) provides that the court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. It is not error for the court to refuse or fail to instruct on the lesser offense where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. *Brown v. State*, 321 Ark. 413, 903 S.W.2d 160 (1995); *Stewart v. State*, 302 Ark. 35, 786 S.W.2d 827 (1990).

█ In *Doby v. State*, 290 Ark. 408, 720 S.W.2d 694 (1986), the court held that when a defendant asserts that he is entirely innocent of any crime, no rational basis exists to instruct the jury on a lesser-included offense, as the only issue for the jury is whether the defendant is guilty as charged. The supreme court stated:

> Doby rested his entire defense on his credibility against that of the officers. So as a practical matter, it came down to whom should the jury believe. There would be no rational basis to find the officers lied in part in this case. Their testimony so sharply conflicted with Doby's that it would not be reasonable to expect a jury to pick and choose and come up with a finding of a lesser offense when to do so would require a finding that Doby was a liar and the officers liars

in part. If Doby had admitted possessing the drugs, it might make sense to require the charge of the lesser offense. But his defense was that he was entirely innocent of any crime: he possessed nothing. Therefore, the jury only had one question to decide, whether he was guilty as charged.

*Id.* at 412, 720 S.W.2d at 696.

■ Gillespie relies on *Henson v. State,* 296 Ark. 472, 757 S.W.2d 560 (1988), in which the defendant was convicted of aggravated robbery and theft. The issue on appeal was whether the trial court erred in refusing to give an instruction on the lesser-included offense of robbery. The evidence showed that Henson put his hand in his pocket after he was surprised in the act of emptying a safe. The victim retreated, thinking Henson was reaching for a gun. The supreme court held that the instruction on the lesser-included offense should have been given:

When the facts are susceptible of more than one interpretation, a lesser included instruction should be given. Generally a robbery instruction is required when the charge is aggravated robbery. A similar example is that a possession instruction is generally required when the charge is possession with intent to deliver. However, the facts of a particular case may develop so clearly that there would be no rational basis for giving a lesser included offense instruction. Since the facts in this case are susceptible to more than one interpretation, robbery or aggravated robbery, the instruction should have been given. The evidence was not so conclusive as to demonstrate that only aggravated robbery could have been committed by the appellant. This is not a case of all or nothing.

*Id.* at 474–475, 757 S.W.2d at 561.

■ In *Henson,* the victim saw no weapon, and there was a question whether the actions of the accused were such as to put the victim in fear of being shot when the accused put his hand in his pocket in the course of the robbery. The case at bar is clearly distinguishable. Gillespie's defense was based on a denial of all charges. Thus, Gillespie's instruction request was inconsistent with his own proof. *See Brown v. State, supra.* As in *Doby,* it would not have been reasonable to expect the jury to convict Gillespie of lesser-included offenses when to do so would have required the finding that Gillespie was untruthful and the victim was untruthful in part.

Gillespie also argues the trial court erred in denying his severance motion because the State's evidence against Nichols was stronger than that against him, and that while Nichols was a habitual offender, he had no criminal record.

■ A trial court has discretion to grant or deny a severance, and on appeal we will not disturb the ruling absent an abuse of discretion. *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999). Our joinder and severance rules are designed to promote an expeditious disposition of criminal cases while at the same time not prejudicing individual defendants. *Id.* Joinder of defendants is appropriate where a joint scheme or plan is involved. Ark. R. Crim. P. 21.2. Severance is appropriate for trial when it is necessary for a fair determination of the guilt or innocence of a single defendant. Ark. R. Crim. P. 22.3(b)(iii).

■ When making the decision regarding severance of trials for multiple defendants, the trial court should consider: (1) whether the defenses of the defendants are antagonistic; (2) whether it is difficult to segregate the evidence; (3) whether there is a lack of substantial evidence implicating one defendant except for the accusation of the other; (4) whether one defendant could have deprived the other of all peremptory challenges; (5) whether one defendant will be compelled to testify if the other does so; (6) whether one defendant has no prior criminal record and the other has; and (7) whether circumstantial evidence against one defendant appears stronger than against the other. *Williams v. State, supra.*

■ We conclude that the trial court did not abuse its discretion in denying Gillespie's motion. The testimony of the victim implicated both appellants. Also, a prior criminal record of a co-defendant is only one of multiple factors to be considered. *Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995). The jury was appropriately instructed to consider the evidence for or against each of them separately, and to render verdicts as if each were being tried separately, which sufficiently offset any prejudice. *See id.*

## II. Nichols

Counsel for Nichols has filed a no merit brief asking to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court. Appel-

lant's counsel's motion was accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal. Counsel addressed the denial of appellant's directed verdict motions, the denial of lesser-included jury instructions, the denial of the severance motion, the disposition of appellant's *pro se* motions, and numerous other adverse rulings. There were no errors with respect to any of them. We want to commend counsel for her exemplary *Anders* brief.

■ Nichols has filed a *pro se* brief in which he first argues the trial court erred in denying his motion for a directed verdict because the State's witnesses were not credible. However, regardless of the discrepancies, inconsistencies, and contradictory evidence, matters of credibility are for the jury to determine. *See Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998).

■ Nichols next contends the trial court was biased as indicated by certain "prejudicial remarks" made toward him, and that as a consequence he was denied due process of law. This argument is not preserved for review, as appellant did not object to any statements by the trial judge, nor did he move for the judge's recusal. *See Britt v. State*, 334 Ark. 142, 974 S.W.2d 436 (1998).

■ Nichols also contends the trial court erred in allowing the victim to testify that his house had been ransacked. Appellant objected to this testimony on the grounds of relevancy, but the trial court allowed it in as part of the *res gestae*. Appellant has failed to demonstrate prejudice by the trial court's ruling, and we will not reverse an evidentiary ruling absent a showing of prejudice. *Clark v. State*, 323 Ark. 211, 913 S.W.2d 297 (1996).

■ Nichols further argues that his trial counsel was ineffective. This claim cannot be addressed for the first time on appeal. In order for a defendant to argue ineffective assistance of counsel on direct appeal, he must first have presented the claim to the lower court either during the trial or in a motion for new trial. *Chavis v. State*, 328 Ark. 251, 942 S.W.2d 853 (1997).

Accordingly, we affirm appellants' convictions and grant the motion to withdraw by Nichols's counsel.

Affirmed.

GRIFFEN and PITTMAN, JJ., agree.