Kathy BOVEIA *v.* STATE of Arkansas

CA CR 05-828

228 S.W.3d 550

Court of Appeals of Arkansas
Opinion delivered February 15, 2006

*William R. Simpson Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Ark. Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant Kathy Boveia[1] was convicted after a bench trial for filing a false police report and was sentenced to three years' probation and a $350 fine. Boveia now appeals, asserting that the trial court erred in refusing to grant her directed-verdict motion because the State failed to prove that she filed a false police report in an attempt to conceal "criminal activity," as required for the felony charge of this offense. We agree and affirm as modified.

On July 10, 2003, the State filed a felony information alleging that Boveia filed a false police report in an attempt to conceal her own criminal activity. On November 29, 2004, Boveia stood for a bench trial in Pulaski County Circuit Court.

The State presented three witnesses at trial. Lieutenant Cheryl Williams testified that Boveia came to the Sherwood Police Department on April 9, 2003, to make a report. According to Lieutenant Williams, Boveia claimed that she had recently been in the hospital and that she was expecting Regions Bank to mail her ATM card to her residence, but she never received it. In addition, Boveia claimed that unauthorized charges in the amount of $584.63 were made on her card between April 1, 2003, and April 8, 2003. Lieutenant Williams stated that Boveia came into the police station alone, that she did not appear to have any visible cuts or scrapes, that she did not appear to be scared or nervous, and that she maybe looked tired or weak.

Detective David McLeod testified that he received information that Boveia reported that her ATM card had been stolen and used by persons unknown at several different locations. To follow up on the investigation, Detective McLeod contacted Regions Bank and asked for any photographs taken during the time frame that the ATM card was apparently used. Regions Bank forwarded him several photographs of someone using the ATM card. Detective McLeod further testified that he had never personally met with Boveia because she refused to come back to the police

---

[1] The briefs of appellant and appellee and several filings in the record reflect that the spelling of appellant's last name is "Bovela"; however, the correct spelling of appellant's last name appears to be "Boveia." We will refer to appellant as Kathy Boveia throughout this opinion. In addition, we note that appellant is also known as Kathy Johnson.

department but that he had a copy of her driver's license picture. He noticed that the person in the pictures from Regions Bank was the same person on the driver's license pictures; in addition, Lieutenant Williams confirmed to him that the person in the photographs and the person who filed the original police report were the same person.

Detective McLeod testified that his investigation took a different turn at this point and that he tried to contact Boveia but that she made several excuses as to why she could not meet with him. He then issued an affidavit for a warrant for filing a false police report. When Boveia was subsequently picked up, she made an additional report detailing that she had been held hostage and that she was held at knifepoint and forced to make ATM withdrawals. Detective McLeod stated that the photographs did not appear to show Boveia being held at knife point and that, in one picture, Boveia was standing in the middle of a Kroger store with no one around her. Detective McLeod also asserted that he was unable to recover any physical evidence related to the fact that she may have been abducted, threatened, assaulted, or forced to make any withdrawals.

Shannon Anderson, an employee in the fraud department at Regions Bank, testified that, in the first part of April 2003, she received some information that there may have been some fraudulent activity on Boveia's account; she stated that Boveia made the report and that the fraudulent activity apparently occurred between April 1 and April 8, 2003, but that she was uncertain about when Boveia made the report. In addition, Anderson stated that Regions's ATMs are equipped with cameras that take a series of still shots of people using them, and she identified Boveia as the user of the ATM in a series of photographs taken during the time period in question.

After the close of the State's evidence, defense counsel made a motion for a directed verdict, asserting that the State did not present a prima facie case that Boveia had committed a felony because the evidence only established that Boveia withdrew her own money, which in and of itself is not a crime. The prosecuting attorney countered that the testimony reflected that over $500 had been withdrawn from several Regions ATM locations during the time in question and that Boveia "committed the crime" on April 9 when she went to the Sherwood Police Department and said that she never received her card and did not authorize any of these transactions. The court then denied the motion. Defense counsel

then asked for a reduction of the charges to a misdemeanor, restating the contention that Boveia's withdrawing her own money is not criminal activity. The court again denied the motion.

Boveia took the stand on her own behalf. She testified at length regarding her version of the events. She claimed that Lieutenant Williams had probably been confused about what she was trying to tell her because the police report was taken in the noisy lobby but that the ATM card in question had arrived at her house and was unused as of April 1, 2003, and that she never said her card had not arrived but reported fraudulent use of the card to Lieutenant Williams. She then alleged that on April 1, 2003, a white woman named Susanna Cox knocked on her door and asked to come inside; apparently, when Boveia opened the door, two black men named "Old School" and "CiCi" pushed their way inside her home, tied her down, and held her hostage for seven days. Boveia asserted that over the seven-day period, the two men forced her to go to various ATMs to make withdrawals from her account but that they always remained out of the frame of the still photos; in addition, she claimed that the two men repeatedly raped her, struck her, pushed her down a flight of stairs, and tied her to a tree, among other things. Boveia testified that she did not report these crimes allegedly committed against her because she did not trust the Sherwood Police Department and because she was afraid for her life; however, she stated that she did immediately call a rape-crisis center, and her counselor informed her that prosecution of rape cases is a lengthy and difficult process.

Sergeant Jim Calhoun also testified and stated that he handles sex crimes, missing persons, and anything that deals with children. He testified that he came into contact with Boveia after her attorney contacted him and asked him to speak with her about her allegations of being abducted and sexually assaulted. He further testified that when he met with Boveia she told him that she had been held hostage and had been sexually assaulted numerous times; she also stated to him that her abductors had gained access to her debit card or that she was forced to make transactions from the debit card. He testified that he told her that he needed a detailed statement in chronological order if she wanted him to investigate her claims. The defense proffered into evidence a lengthy and bizarre typed statement, prepared by Boveia, detailing her version of the events. Sergeant Calhoun then stated that, at the request of Boveia, he did not go further with the investigation and filed it as

inactive. He testified that Boveia stated that she did not want the confrontation that came along with the investigation.

At the close of evidence, defense counsel renewed the motion for a directed verdict, and the court again denied it. The State closed by stating that Boveia filed an initial report on April 9, knowing that it was false, in an effort to conceal her own criminal activity, namely that by reporting the card lost, "she would somehow get free money to that effect." The court found Boveia guilty of felony filing a false police report and sentenced her to three years' probation and a $350 fine.

Boveia's sole point on appeal is that the trial court's denial of her motion for directed verdict on the felony charge was in error. On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Vergara-Soto v. State*, 77 Ark. App. 280, 74 S.W.3d 683 (2002). The appellate court views the evidence in the light most favorable to the State and will affirm the conviction only if there is substantial evidence to support it. *Id.* Substantial evidence, whether direct or indirect, is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another without resort to speculation or conjecture. *Id.*

In the information, the State alleged that Boveia violated Ark. Code Ann. § 5-54-122 (Repl. 1997) by filing a false police report in an effort to conceal her own criminal activity. This statute provides in pertinent part:

> (a) For the purpose of this section, "report" means any communication, either written or oral, sworn or unsworn.
>
> (b) A person commits the offense of filing a false report if he files a report with any law enforcement agency or prosecuting attorney's office of any alleged criminal wrongdoing on the part of another knowing that such report is false.
>
> (c)(1) Filing a false report is a Class D felony if:
>
> > (A) The crime is a capital offense, Class Y felony, Class A felony, or Class B felony; or
> >
> > (B) The agency or office to whom the report is made has expended in excess of five hundred dollars ($500) in order to investigate said report, including the costs of labor; or
> >
> > (C) Physical injury results to any person as a result of the false report; or

*(D)   The false report is made in an effort by the person filing said false report to conceal his own criminal activity; or*

(E)  The false report results in another person being arrested.

(2)  Otherwise, filing a false report is a Class A misdemeanor.

Ark. Code Ann. § 5-54-122 (emphasis added).

The only subsection of the felony offense relevant to the State's case against Boveia is Ark. Code Ann. § 5-54-122(c)(1)(D).

When construing a criminal statute, the appellate court follows the rule of lenity, meaning that it strictly construes criminal statutes and resolves any doubt in favor of the defendant. *Colburn v. State*, 352 Ark. 127, 98 S.W.3d 808 (2003). There are no Arkansas cases construing Ark. Code Ann. § 5-54-122(c)(1)(D). In addition, there are no Arkansas cases clearly defining "criminal activity," although the language from several cases suggests that "criminal activity" is a criminal act as defined by statute. In *Bashaw v. State*, 364 Ark. 272, 219 S.W.3d 146 (2005), our supreme court found that the trial court did not err in finding that appellants' club constituted a public nuisance. The court noted that the club had "been cited for multiple violations," including selling unauthorized alcohol as well as other "criminal activity." *Id.* at 1; *see also Roberson v. State*, 54 Ark. App. 230, 925 S.W.2d 829 (1996) (holding that radio dispatch concerning "criminal activity" was sufficient for police to stop appellant's vehicle and that there has never been a requirement that someone know that a "crime" has been committed before an officer can conduct an investigatory stop).

At trial and now on appeal, appellant contended that the police report was not made to conceal her own criminal conduct and that the State failed to offer any proof whatsoever as to her supposed criminal activity. We agree. While Boveia's version of the events was incredible, and the trial court obviously did not believe her, this is not sufficient to sustain her felony conviction, because the State presented no evidence establishing that Boveia had committed any other crime in addition to filing the false police report.

The State argues that the filing of the police report was designed to conceal Boveia's effort to defraud the bank of her authorized withdrawals by claiming they were unauthorized. The

State cites Ark. Code Ann. § 5-36-103(a)(2),[2] the theft-of-property statute, to stand for the proposition that "[k]nowingly filing reports of unauthorized use of one's account, after performing the authorized use, is a criminal act." Even if this court assumes that knowingly filing false reports of unauthorized use of one's account with one's bank is criminalized by statute, the State failed to offer any proof that Boveia committed this crime.

First of all, the State failed to argue this during its case in chief and only mentioned in its closing argument that Boveia was attempting to get "free money" from her bank. Secondly, Regions Bank's representative, Shannon Anderson, never testified that Boveia tried to defraud the bank out of money; she only stated that Boveia reported some fraudulent activity on her account from April 1, 2003, through April 8, 2003. Ms. Anderson then stated that she was uncertain when Boveia made this report. Boveia filed her police report on April 9, and the earliest she could have filed a fraud report with the bank was April 8, 2003. Ms. Anderson, however, was unable to pinpoint an exact date. As such, the State presented no evidence that Boveia filed her fraud report to the bank prior to filing her report with the Sherwood Police Department. Even assuming that Boveia filed the bank report prior to filing the police report, the State still presented no evidence to prove that Boveia filed the fraud report with the bank with the intention of defrauding the bank out of money, and Ms. Anderson never testified that the investigation led to Boveia being offered or receiving any funds from Regions.

In essence, the State made no attempt to establish that Boveia had committed a crime that the filing of the false police report was designed to cover up. The State instead focused on proving only that the report had to be false because the pictures showed Boveia withdrawing her own funds from the various ATMs. In this regard, the State argues alternatively that the court should modify Boveia's conviction to reflect the misdemeanor offense rather than grant dismissal. The State contends, and we agree, that there was sufficient evidence to support a finding that Boveia filed a false report even if there was not sufficient evidence that she did so to conceal her own criminal activity.

---

[2] This section states that a person commits theft of property if she "knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof."

Accordingly, in light of the fact that the evidence established that Boveia filed a false police report, we modify the judgment of conviction to reflect the misdemeanor offense of filing a false police report under Ark. Code Ann. § 5-54-122(c)(2). *See Allen v. State*, 64 Ark. App. 49, 977 S.W.2d 230 (1998) (modifying conviction of second-degree battery to lesser included offense of second-degree assault).

Affirmed as modified.

PITTMAN, C.J., and GLOVER, J., agree.