

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–224

| | | |
|---|---|---|
| ERIC LENDERMAN | | **Opinion Delivered:** May 31, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE GREENE |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 28CR-14-186] |
| STATE OF ARKANSAS | | HONORABLE BRENT DAVIS, |
| | APPELLEE | JUDGE |
| | | AFFIRMED; MOTION GRANTED |

**RITA W. GRUBER, Chief Judge**

This no-merit revocation case from the Greene County Circuit Court returns to us after our order for rebriefing. *See Lenderman v. State*, 2017 Ark. App. 1 (denying counsel's motion to withdraw because her brief did not comply with various requirements of Arkansas Supreme Court Rule 4–3(k)(1) (2016)). Counsel has again filed a motion to withdraw on the ground that there is no merit in the appeal of the circuit court's decision to revoke Eric Lenderman's revocation of probation for theft of a credit/debit card or account number and for fraudulent use of a credit/debit card or account number. Counsel's brief in the present case complies with Rule 4–3(k)(1)'s requirements, enabling us to consider her arguments that there are no meritorious grounds for reversing the revocation. We also now consider Lenderman's pro se points for reversal and the State's brief responding to the issues he has raised.

The State alleged in a December 2014 petition to revoke that Lenderman had violated

conditions of his probation requiring him to report as directed, reside at an approved address, and make monthly payments toward his fees, fines, costs, or restitution as ordered. In a supplemental petition of April 2015, the State alleged that Lenderman had failed to make any payments toward fines, fees, costs, or restitution, and that he currently owed $31,420. The circuit court revoked Lenderman's probation at the conclusion of a revocation hearing conducted in November 2015.

Counsel's present brief lists the rulings in the proceedings below that were adverse to Lenderman, and counsel explains "why each adverse ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4–3(k)(1). Counsel notes that the circuit court ruled adversely to Lenderman by sustaining the State's hearsay objections when he attempted to answer questions about what a probation officer in Missouri had told him after he had moved there. Counsel explains that the court's rulings were not error because the questions clearly called for hearsay testimony; that Lenderman suffered no prejudice because further testimony would not have countered the proof that he had violated various conditions of probation; and that one violation of conditions is enough to support a revocation. *See* Ark. Code Ann. § 16-93–308(d) (Supp. 2015); *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001).

Counsel also lists the circuit court's final ruling that was adverse to Lenderman—the decision to revoke his probation.[1] Counsel notes that Lenderman's Arkansas probation officer

---

[1]Counsel states in her brief that the circuit court did not err in finding sufficient evidence to support a finding that Lenderman violated conditions of his probation. The burden is on the State to prove a violation of a condition by a preponderance of the evidence; on appeal, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Kirkland v. State*, 2016 Ark. App. 20, at 5.

SLIP OPINION

testified that a transfer of probation to Missouri was denied and that afterward, Lenderman did not report back to his Arkansas probation officer as directed. Counsel also points to Lenderman's acknowledgment that he had not made any payments toward restitution, fines, or fees.

Lenderman has filed six pro se points, half of them claiming ineffective assistance of counsel. In a separate point, he claims that his Arkansas probation officer could have called him on his cell phone as the officer had previously done. He also claims that he now has the funds to pay full restitution and was unable to pay previously because his county would "not accept payments on an active warrant." Finally, he asks that our court give him a second chance to defend his case and reinstate his probation. We agree with the State that these additional points are without merit or were not raised during the hearing. *See Nichols v. State*, 69 Ark. App. 212, 218, 11 S.W.3d 19, 23 (2000) (noting that claims of ineffective assistance of counsel are not preserved for our review because they were not previously presented to the circuit court); *Carter v. State*, 2015 Ark. 166, at 9 n.6, 460 S.W.3d 781, 789 n.6 (noting that arguments raised for the first time on appeal will not be addressed because the court below did not have the opportunity to consider them).

The test for filing a no-merit brief is not whether there is any reversible error but rather would an appeal be wholly frivolous. *House v. State*, 2015 Ark. App. 280, at 2. From our review of the record and counsel's brief, we find that counsel has complied with Rule 4–3(k). Having found compliance with Rule 4–3(k), and having considered Lenderman's pro se points for reversal, we hold that there is no merit to an appeal. We affirm Lenderman's



conviction, and we grant counsel's motion to withdraw.

Affirmed; motion granted.

KLAPPENBACH and HIXSON, JJ., agree.

*Caroline Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.