Cite as 2021 Ark. App. 295

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-20-398

|  |  |
|---|---|
| | **Opinion Delivered** June 2, 2021 |
| CODY LANE CAGLE<br>APPELLANT | APPEAL FROM THE FAULKNER<br>COUNTY CIRCUIT COURT<br>[NO. 23CR-19-198] |
| V. | HONORABLE TROY B. BRASWELL,<br>JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | APPEAL DISMISSED; MOTION<br>GRANTED |

## LARRY D. VAUGHT, Judge

On February 12, 2019, the State filed an information against Cody Lane Cagle alleging that he committed Class Y felony aggravated robbery on January 18.[1] On March 16, 2020, Cagle pled guilty to the charge, he was sentenced to serve nineteen years in prison, and he was ordered to pay $1,600 in restitution. Thereafter, Cagle filed a pro se notice of appeal.[2] Cagle's counsel has filed a motion to withdraw and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Arkansas Supreme Court, asserting that there are no meritorious grounds for reversal. Cagle has submitted pro se points for

---

[1]The affidavit for warrant or arrest attached to the information states that on January 18, Cagle entered Keith's Convenience Store in Vilonia, Arkansas, presented a semiautomatic handgun to the clerk behind the counter, demanded money from the cash register, and left the store with $500 from the register and the clerk's cell phone.

[2]After accepting Cagle's guilty plea, the circuit court inexplicably advised him that he had thirty days after the "filing of the judgment" to file an appeal. For the reasons set forth herein, the court's advice was incorrect.

reversal pursuant to Arkansas Supreme Court Rule 4-3(k)(2) (2020), and the attorney general's office has filed a brief in response. Because Cagle has no right to appeal from his guilty plea, we lack jurisdiction and dismiss the appeal.

Arkansas Rule of Appellate Procedure–Criminal 1(a) provides that, except as provided by Arkansas Rule of Criminal Procedure 24.3(b), there shall be no appeal from a plea of guilty. Rule 24.3(b) permits review of conditional guilty pleas with respect to adverse rulings on motions to suppress illegally obtained evidence, as well as adverse rulings on motions to dismiss on speedy-trial grounds. Ark. R. Crim. P. 24.3(b) (2020). Cagle did not enter a conditional plea under Rule 24.3(b); therefore, this exception does not apply.

Our supreme court has recognized two other exceptions to the general rule: (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself and (2) when the appeal is the appeal of a posttrial motion challenging the validity and the legality of the sentence itself. *Kelley v. State*, 2012 Ark. App. 36, at 2. These exceptions do not apply in this case either.

Accordingly, we dismiss Cagle's appeal for lack of jurisdiction and grant Cagle's counsel's motion to withdraw.[3]

Appeal dismissed; motion granted.

GLADWIN and BROWN, JJ., agree.

*James E. Hensley, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[3]We do not address Cagle's pro se points because we are dismissing this appeal for lack of jurisdiction. *King v. State*, 2013 Ark. App. 342, at 1 n.1 (citing *Kelley*, 2012 Ark. App. 36).