Cite as 2025 Ark. App. 85

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-245

|  |  |  |
|---|---|---|
| AIDEN JONES | | Opinion Delivered February 12, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CR-23-330] |
| V. | | |
| | | HONORABLE JACK "JAY" T. PATTERSON II, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

**CINDY GRACE THYER, Judge**

On January 10, 2024, appellant Aiden Jones pled no contest to one count of criminal mischief, a Class C felony, and one count of criminal trespass, a Class A misdemeanor; he was sentenced to five years' probation for criminal mischief and one year of probation for criminal trespass, and he was ordered to pay various fines, fees, and costs. His attorney has now filed a motion to be relieved and a no-merit brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), asserting that there are no meritorious grounds for relief. The clerk of our court notified Jones of counsel's motion and advised him of his right to file pro se points; he availed himself of the opportunity, and the State has filed a reply brief. We dismiss Jones's appeal and grant counsel's motion to withdraw.

## I. *Background*

Jones was arrested on October 1, 2023, after vandalizing two cars belonging to his ex-girlfriend and her family. On October 2, the Johnson County Circuit Court entered an order regarding probable cause and pretrial release conditions in which it ordered Jones to refrain from communicating with, harassing, annoying, or being around Ashley Zachery, Baileigh Zachery, Stacey Zachery, or John Zachery. Jones was also ordered to not go on or around the Zacherys' home. Bail was set at $750. His mother posted his bail on October 11, and he was released that day.

On November 13, the State filed a felony information charging Jones with criminal mischief and criminal trespass. The State subsequently filed a petition to revoke his pretrial release, asserting that he had violated the conditions of release by violating the no-contact order. An arrest warrant was issued on November 14, and he was arrested when he appeared for court on November 15.

On January 10, 2024, Jones appeared before the circuit court via Zoom, waived his right to a jury trial, and pled no contest to first-degree criminal mischief and criminal trespass. Jones stated that he understood what he had been charged with and the range of punishment associated with each charge. He agreed that he had had the opportunity to confer with his attorney regarding his case and that he was satisfied with his attorney's services. Jones further agreed that no one had promised him anything, threatened him, or coerced him into accepting the plea. He stated that he understood that his no-contest plea carried the same effect as a guilty plea, that a finding of guilt would be entered against him,

and that he had waived his right to a jury trial. After ascertaining that he was not under the influence of drugs or alcohol, the circuit court accepted his plea and sentenced him to sixty months' probation on the felony count and twelve months' probation on the misdemeanor count.

The sentencing order and the conditions of Jones's probation were entered on January 11, 2024. Jones filed a pro se notice of appeal on January 19, 2024, asserting that he intended to appeal "the decision of the circuit court based on grounds of insufficient evidence, prosecutorial misconduct, and abuse of discretion by the court." Jones apparently subsequently retained counsel, who has filed the instant motion to be relieved as counsel and accompanying no-merit brief.

## II.  *No-Merit Framework*

Arkansas Supreme Court Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

## III.  *Discussion*

As discussed above, Jones pled no contest to the two counts against him. In his no-merit brief, appellate counsel correctly notes that Arkansas Rule of Appellate Procedure–Criminal 1(a) provides that there shall be no appeal from a plea of guilty or nolo contendere. There is an exception for conditional pleas of guilty pursuant to Arkansas Rule of Criminal Procedure 24.3(b). Two additional exceptions to the general rule are (1) when there is a challenge to testimony or evidence presented in a sentencing hearing separate from the plea itself, and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *Joiner v. State*, 2023 Ark. App. 6; *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.

Jones did not enter a conditional plea, the sentencing was pronounced at the same hearing at which Jones entered his no-contest plea, and Jones did not file a posttrial motion challenging the validity or legality of the sentence. Accordingly, none of the exceptions to the rule precluding appeals from guilty pleas apply. We therefore dismiss Jones's appeal and grant counsel's motion to dismiss. *See Joiner*, *supra*.

Although Jones has filed pro se points, we do not consider them because we lack jurisdiction to consider the appeal. *See Cagle v. State*, 2021 Ark. App. 295 (declining to address pro se points in a no-merit appeal because defendant had no right to appeal from his guilty plea). Even if we were not precluded from addressing his pro se points, which raise claims of ineffective assistance of counsel and prosecutorial misconduct, we would hold that they are not preserved for appeal because he failed to raise them below. *See Lenderman v.*

*State*, 2017 Ark. App. 346 (refusing to address pro se point when it was raised for the first time on appeal).

Accordingly, we dismiss Jones's appeal and grant counsel's motion to withdraw.[1]

Appeal dismissed; motion to withdraw granted.

ABRAMSON and GLADWIN, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnso*, Ass't Att'y Gen., for appellee.

---

[1]On January 13, 2025, Jones filed a pro se petition to reinvest jurisdiction in the circuit court to consider a petition for error coram nobis. In light of our disposition of his appeal today, Jones's petition is moot.