Cite as 2026 Ark. App. 66

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-25-23

| | | |
|---|---|---|
| CALVIN HARRISON | | Opinion Delivered February 4, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-24-65] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ANDY RINER, JUDGE |
| | APPELLEE | |
| | | DISMISSED |

**STEPHANIE POTTER BARRETT, Judge**

Calvin Harrison appeals his conviction for one count of second-degree sexual assault, a Class B felony, and two counts of sexual indecency with a child, a Class D felony, following a no-contest plea in the Polk County Circuit Court. Harrison was sentenced to supervised probation for seventy-two months. On appeal, he argues the circuit court failed to comply with Arkansas Rule of Criminal Procedure 24.6 in accepting his plea of no contest. We dismiss Harrison's appeal for lack of jurisdiction.

On April 3, 2024, Harrison was charged with one count of second-degree sexual assault and two counts of sexual indecency with a child. On September 12, 2024, Harrison filed a no-contest plea statement stating he intended to plead no contest to all three charges

alleged by the State.[1] That same day, Harrison entered a plea of nolo contendere to all three charges in open court. At the change-of-plea hearing, the circuit court conducted a plea colloquy where Harrison acknowledged that he understood the charges against him and the range of punishment associated with each charge. He further acknowledged that by entering his pleas he was waiving his right to a jury trial and understood that a no-contest plea carried the same effect as a guilty plea. He confirmed that he had the opportunity to consult with his attorney, and he was satisfied with his attorney's services. Harrison further confirmed he was not under the influence of drugs or alcohol, he was in good enough health to understand a plea, and no one coerced or threatened to change his plea.

The State then recited its factual basis for the charges, and Harrison did not object. The circuit court found there was a factual basis to support the charges and that Harrison knowingly, intelligently, and voluntarily entered the pleas of no contest. The circuit court accepted Harrison's pleas of no contest. That same day, the circuit court accepted the State's sentencing recommendation and sentenced Harrison to seventy-two months of supervised probation. The sentencing order was filed the same day.

Harrison's sole point on appeal is that the circuit court erred in accepting his no-contest plea because it did not substantially comply with Arkansas Rule of Criminal Procedure 24.6. Specifically, Harrison contends the circuit court failed to establish a factual

---

[1]The record reflects that there were two no-contest plea statements executed by Harrison and filed in this case on September 12, 2024; however, the two filings appear identical.

basis for the plea because it did not receive confirmation from him that he believed himself to be guilty and that he agreed to the State's recitation of the facts.

Arkansas Rule of Criminal Procedure 24.6 provides, "The court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea." Before reaching the merits of Harrison's argument, we must determine whether this court has jurisdiction to consider this appeal.

Arkansas Rule of Appellate Procedure–Criminal 1(a) provides that there shall be no appeal from a plea of guilty or nolo contendere. There are three exceptions to this rule: (1) when a plea is conditional pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) when there is a challenge to testimony or evidence presented in a sentencing hearing separate from the plea itself; and (3) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *Jones v. State*, 2025 Ark. App. 85, at 4, 704 S.W.3d 900, 902.

Here, Harrison did not enter a conditional plea. Harrison entered his no-contest plea at the no-contest hearing, and a sentence was imposed at that same hearing; and Harrison did not file a posttrial motion challenging the validity or legality of the sentence. Thus, no exception to the rule prohibiting an appeal applies here. Accordingly, we have no jurisdiction to entertain this appeal, and it is dismissed.

Dismissed.

ABRAMSON and GLADWIN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.